**Convey Estate**

*Louis M. Childs, 2nd,* of *High, Swartz, Flynn & Roberts,* for accountant.

HOLLAND, P. J., January 26, 1950.—The first account of the Jenkintown Bank and Trust Company, trustee of the residuary trust under the will of testatrix, was audited July 7, 1948. The account shows a balance of principal-personalty for distribution in the sum of $5,158.30, composed as shown on the page of the account preceding the first page, and the sum of $1,329.74 income composed of cash. All transfer inheritance tax due at this time has been paid in full.

The fund accounted for is the residuary trust, the terms of which are that the trustee shall expend the income thereof "for the purchase of flowers to be placed on the graves of my brother and myself at Easter, Memorial Day and Christmas". The trustee has been collecting the income and carrying out the

directions of testatrix by purchasing flowers and placing them upon the graves of testatrix and of her brother at the times specified. The expenditures made by the trustee out of income for this purpose are shown in the credit side of the income account. Notwithstanding that the trustee has carried out these directions it still has an accumulation of income in the sum of $1,329.74, which appears to be in excess of the needs of fully carrying out the directions. The account is filed for the purpose of determining what should be done with this excess of income.

The attention of the court is directed to the item in the will wherein $500 is bequeathed to Mrs. Matilda Crotty and $500 bequeathed to George Stella. By the codicil to the will testatrix specifically revoked these two legacies stating that they were given to them in the will "in appreciation of their kindness to me (testatrix)". She then continues in the codicil "I hereby revoked these legacies in their entirety, as they will invade the residue which I have provided shall be trusteed". The accountant suggests that inasmuch as this revocation was made by testatrix under an apparent mistake of facts, it now turning out that the legacies can be paid out of the excess income without invading the residue which she has put in trust, these legacies should be paid without any interest thereon or income thereon to these legatees out of this accumulated income. In other words, the suggested theory is that the revocation was provisional depending upon whether the residue principal would or would not be invaded.

I am in accord with this theory suggested by the accountant with the exception that it does not carry it far enough. I am of the opinion that the revocation was provisional depending not only upon whether the principal would or would not be invaded, but whether the principal would or would not be invaded to the point of defeating her general object of having her grave

and that of her brother decorated with flowers at the seasons of the year specified. Time has resolved the provision the codicil contained, showing that the principal is far in excess of the amount necessary to raise sufficient income for testatrix's purpose, and, therefore, is not invaded by the payment of these legacies to any appreciable degree. I interpret the intention of testatrix to be that the legacies were revoked because they would deplete the residue to such an extent as to make the income insufficient, and, that fact being clearly false, she intends that they be paid out of the principal with all the incidents of pecuniary legacies allowed by law. At this point a scrutiny of the facts should be decisive.

The principal is $5,168.30. In a period of about six years it has earned about $270 a year, or about five percent per annum. The largest amount expended in any one of these years for flowers and other grave decorations was $36 in the year 1947. It is certain that after awarding these two legacies in the aggregate of $1,000, leaving a balance of over $4,000, there will still be a principal far in excess of the amount necessary for the purposes of testatrix even if the most liberal or even extravagant plan were pursued in spending the income. The principal of the legacies should and will be awarded from the principal of the trust.

Section 21 of the Fiduciaries Act of June 7, 1917, P. L. 447, as last amended by the Act of June 24, 1939, P. L. 714, sec. 1, 20 PS §633, allows interest on legacies of this category from one year after the date of death of testator at the legal rate or the rate earned by the fund, whichever is less. Although the fund is shown to have earned about five percent, the accumulation of income is and will be so great that the accumulations will earn income, with the result that over all, the rate will far exceed the legal rate of six percent. I decide, therefore, that these legacies should bear in-

terest at six percent from one year after the death of testatrix, which is June 1, 1942, until paid, the interest, of course, to be paid out of the accumulated income.

As it is obvious that this income will again in the future accumulate beyond all proportions necessary for the purposes of the trust, the time is sure to come when a consideration should be given to the award of the excess of the income and possibly some of the principal in excess of the necessities of the trust, to the next of kin of testatrix under the intestate laws, if any can be found. Up to the present time the accountant has been unsuccessful in finding any next of kin or relatives even of remote degree of testatrix. It appears that she originated in Ireland and it may be that a further search there may reveal any possible next of kin that may exist. For this purpose the trustee is directed at its absolute discretion to expend so much of the accumulated income remaining after the awards in this adjudication as may be necessary in investigating whether any next of kin of the testatrix exists. If all other efforts in the search for next of kin are exhausted without success, the court will have to consider further the proper disposition of the excessive income or principal.

The accountant also propounds a question as to whether accumulated income under these same circumstances cannot be turned over to the cemetery wherein the graves are located for the general maintenance of the cemetery. The disposition of this question will be deferred to some future time after the investigation hereinabove directed has been completed.

Out of the balance of principal for distribution there is awarded to Matilda Crotty $500, and to George Stella $500, and the then balance is awarded to the Jenkintown Bank and Trust Company, trustee, for the uses and purposes of the trust.

Out of the balance of income for distribution there is awarded to Matilda Crotty interest at the rate of six percent on her legacy of $500, from June 1, 1942, to the date of payment; to George Stella interest at the rate of six percent on his legacy of $500, from June 1, 1942, to the date of payment, and the then balance of income for distribution is awarded to the trustee for the uses and purposes of the trust.

The account is confirmed, and it is ordered and decreed that Jenkintown Bank and Trust Company, trustee, as aforesaid, forthwith pay the distributions herein awarded.

The testamentary trustee shall present the assets of the trust herein awarded to it to Herbert Goldberg, Esq., who is appointed examiner under rule 11.

And now, January 26, 1950, this adjudication is confirmed nisi.